RECEIPT # _____
AMOUNT $ 250.00
SUMMONS ISSUED ✓
LOCAL RULE 4.1 ✓
WAIVER FORM _____
MCF ISSUED _____
BY DPTY. CLK. CMG
DATE 12-22-05

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

CIVIL ACTION NO.

US DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| CHERYL AHERN | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| LOCAL 1400, COMMUNICATIONS | ) |
| WORKERS OF AMERICA, UNION, | ) |
| AFL-CIO, CLC AND ITS ELECTION | ) |
| COMMITTEE | ) |
| Defendants. | ) |

05 CA 12573 NG

MAGISTRATE JUDGE Bowler

## VERIFIED COMPLAINT AND REQUEST FOR INJUNCTIVE RELIEF

### INTRODUCTION

1. This is an action by Cheryl Ahern ("Ahern"), pursuant to Section 301 of the National Labor Relations Act, 29 U.S.C. § 185, and Title I of the Labor Management Reporting and Disclosure Act of 1959 ("LMRDA"), 29 U.S.C. §§ 401, et seq. seeking to enjoin Local 1400, Communications Workers Union of America and its Election Committee from conducting a re-run election for officers of the Local Union. In a regularly scheduled election held in October 2005, Ahern received a clear majority of ballots cast for the office of President of Local 1400. In that election Ahern received 339 votes. The incumbent President, Don Trementozzi ("Trementozzi"), received 324 votes. Article IV, §4(e) of the Communication Workers Union of America's International Union Constitution ("Constitution"), as amended August 2004, provides that "[t]he nominee in any election receiving the majority of the votes cast shall be declared elected." It is undisputed that Ahern received a majority of the votes. Based on a number of protests,

Local 1400's Election Committee ("Committee") has decided to conduct a re-run election because of mere allegations that a number of voters did not receive ballots and that requested duplicate ballots were not sent by the American Arbitration Association in time to meet the return deadline. By acting in this way, and thus refusing and failing to comply with Article IV, §4(e) of the International Union's Constitution, the defendants have infringed upon Ahern's right to hold office within the Union, and the rights of all members of Local 1400 to a democratic election process. By these actions, Local 1400 is causing serious and irreparable harm to Cheryl Ahern's rights as a union member and as a candidate for office. Ahern prays that the Court enjoin the defendants from conducting a new election.

## JURISDICTION

2. This Court has jurisdiction pursuant to Section 301 of the National Labor Relations Act, 29 U.S.C. § 185, and Title I of the Labor-Management Reporting and Disclosure Act of 1959 ("LMRDA"), 29 U.S.C. § 413.

## PARTIES

3. The Plaintiff, Cheryl Ahern, is a resident of Plymouth, Massachusetts and has been at all material times a member in a bargaining unit of employees represented by Local 1400 who are employed by Verizon Corporation.

4. Local 1400, Communications Workers of America, AFL-CIO, CLC is a labor organization representing employees in an industry affecting commerce within the meaning of 29 U.S.C.§§ 402 (i) and (j) and 29 U.S.C. §§ 152 (6) and (7). It is a subordinate body of the Communications Workers of America union [herein "International Union"]. Local 1400 represents employees of Verizon and other

employers, who live and work in the Commonwealth of Massachusetts and the states of Maine, New Hampshire and Vermont. Local 1400's office is located at 155 West Road, Portsmouth, New Hampshire.

## FACTS

5. Article XV, Section 4(e) of the International Union's Constitution, as amended August 2004, establishes the criteria by which a candidate for Local Union office will be elected for local union office. Section 4(e) states, in relevant part, as follows: "The nominee in any election receiving a majority of the votes cast shall be declared elected...." [Constitution, attached hereto as Exhibit A]. There is no provision allowing an appointed local election committee to unilaterally re-run an election based on perceived irregularities in an election.

6. Cheryl Ahern has been a member in good standing of Local 1400 continuously for the past sixteen years since Local 1400 first organized Verizon in 1989. She was nominated to be a candidate for Local 1400 President in accordance with Article XV of the Constitution. [Dobson Letter, attached hereto as Exhibit B].

7. The Local Union's Election and Campaign Rules ("Election Rules"), in paragraph fourteen, provide that "[a]ll secret ballots must be **received** at an address to be specified no later than October 20, 2005." [Rules, attached hereto as Exhibit C]. In contrast, Article XIV, Section 2 provides, in pertinent part, that "[a]ll ballots must be **postmarked** by 9 am on that day [i.e., October 20, 2005]." [By-Laws, attached hereto as Exhibit D].[1] Article XIV, Section 2 of the By-Laws provide that the election of officers

---

[1] Although not at issue in the instant case, the Election Rules, in paragraph one, provide that the nominations and elections of Local 1400 officers will be conducted in accordance with the Constitution and By-Laws. Thus, because the By-Laws state that all ballots must be **postmarked** by 9 am on October 20,

3

will be by secret mail ballot administered by the American Arbitration Association ("AAA").

8. The Local Union's Election Committee's Election and Campaign Rules, in paragraph fifteen, provide that "[b]allots will be counted by the American Arbitration Association in Boston, MA on October 20, 2005 beginning at approximately 11:00 am."

9. In or around August and September 2005, the Union posted election notices, which provided a telephone number – prominently displayed in large, bold type-font – for members to contact to request a duplicate ballot. [Notice, attached hereto as Exhibit E].

10. On October 20, 2005, the American Arbitration Association conducted a tally of ballots.

11. The AAA tallied the ballots that had been **received** by 9:00 am Thursday, October 20th, 2005. In that tally, Ahern received 315 votes to Trementozzi's 313 votes. This tally was confirmed through a re-count.

12. The AAA later tallied the ballots that had been **postmarked** by 9:00 am on Thursday, October 20th, 2005, regardless of when received by the AAA. In this tally, Ahern received 339 to Trementozzi's 324 votes.

13. The election results for President were protested by Trementozzi, the incumbent Local Union President and certain of his supporters, who alleged that certain members had not received ballots in the initial mailing by AAA and that a number of members who requested duplicate ballots did not receive them in time to mail them back to AAA by the deadline.

---

that the Election Rules mandate that such ballots must be **received** that day is of no consequence. The By-Laws apply. The plaintiff does not dispute this.

14. The Election Committee conducted an informal investigation, from which Ahern was excluded. There were no hearings and Ahern was denied access to the records of the AAA, which showed how the election was conducted. Initially the Election Committee denied Ahern's request for a copy of its "findings," telling her that she had to make an appointment at the Local Union's office in Portsmouth, New Hampshire to inspect a copy. When threatened with litigation by Ahern, the Election Committee belatedly furnished her with an abridged copy of its "findings" by facsimile on December 19, 2003. [Report, attached hereto as Exhibit F]. The AAA has advised Ahern that it cannot make the records of the election available to Ahern under the terms of its arrangements with Local 1400's Election Committee. Telephone calls to the Election Committee's Chairperson, Theresa Dobson, remain unreturned.

15. Based on the appointed Election Committee's "findings" – which were made without giving Ahern access to interviews of members, denying her access to AAA's records and without affording Ahern a hearing or other fair process – the Election Committee has decided to run a new election for the office of president of the Local Union. The elected incumbent officers of the Local Union have approved the action of the Election Committee.

16. Trementozzi and other members who allege that there were irregularities in the conduct of the election have an adequate remedy by way appeal to the Secretary of Labor under the provisions of Title IV of the Labor Management Reporting and Disclosure Act, 29 U.S.C. §§ 481, et seq. The Secretary of Labor is empowered to conduct a new election if s/he determines that there has been a violation of the provisions of Title IV.

17. The Election Committee has issued a notice, stating that ballots for a new election will be mailed by AAA on December 27, 2005. [New Election Notice, attached hereto as <u>Exhibit G</u>].

## THE NEED FOR INJUNCTIVE RELIEF

18. The Bill of Rights of Members of Labor Organizations of the LMRDA, Title I, § 101(a)(1), 29 U.S.C. § 411(a)(1), guarantees to every member equal rights and privileges within any labor organization the right to nominate candidates.

19. Title I, § 103, 29 U.S.C. 413 imposes an obligation on labor organizations to comply and follow its own Constitution. The International Constitution of Communication Workers of America provides that the candidate receiving a majority of votes in an election is elected.

20. Ahern will suffer irreparable injury if the Election Committee is allowed to conduct a new or re-run election for the office of President of the Local.

WHEREFORE, it is respectfully requested that the Court:

After hearing, enter appropriate temporary, preliminary and permanent injunctive relief enjoining Local 12004 and its Election Committee from conducting a new or re-run election, and enjoining the defendants from interfering with her actions as the elected president of Local 1400; ordering Local 1400 and its Election Committee to make available to Ahern all its document and records concerning the election, including the records of the AAA; and ordering Local 1400 to pay Plaintiff Ahern's reasonable costs and attorney's fees incurred in connection with this action and such other and further relief as the Court may deem just and proper.

Respectfully submitted,

CHERYL AHERN

By her attorney,

Harvey Schwartz, BBO #448080
ROGERS, POWERS & SCHWARTZ
18 Tremont Street, Suite 500
Boston, MA 02108
617-742-7010

Dated: December 22, 2005

## VERIFICATION

I, Cheryl Ahern, hereby verify that the factual allegations contained herein are based upon my own knowledge and are true. Insofar as the allegations are based upon information and belief, I believe the information to be true.

Signed and sworn to under the pains and penalties of perjury this 22 day of December, 2005.

Cheryl Ahern